UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF MISSISSIPPI, SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 21 2015
ARTHUR JOHNSTON
BY _____ DEPUTY

JAMES ZOLLICOFFER

    Plaintiff,

versus

    CASE NO.: 1;15cv271 LG-RHW

TECHNICAL MARINE
MAINTENANCE MISSISSIPPI, LLC.

    Defendant.

## COMPLAINT

Plaintiff IS former employee of the Defendant, TECHNICAL MARINE MAINTENANCE, LLC. Plaintiff files this action against Defendant, for past and ongoing wages owed in the nature of unpaid overtime, as well as other damages and remedies. Plaintiff contends that Defendant violated and continues to violate the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.* The following allegations are based on personal knowledge of the Plaintiff.

### JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue is proper in this Court because Defendant is licensed to do and doing business in the State of Mississippi and a substantial portion of the acts and omissions giving rise to the instant claims occurred in this District.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

4. At all relevant times herein, Defendant's business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

## RELEVANT TIME PERIOD

5. The FLSA permits Plaintiffs to recover unpaid wages and liquidated damages for up to three years prior to the commencement of the lawsuit.

## PARTIES

6. Plaintiff, James Zollicoffer, is an individual residing at 4708 Gibson Road #53 Ocean Springs, Mississippi 39530. He was employed by Defendant Technical Marine Maintenance Mississippi, LLC. from April 2014 through approximately November 2014. Plaintiff's work was directed and controlled by the Defendant and its employees.

7. Defendant Technical Marine Maintenance Mississippi, LLC, (hereinafter "TMM MS") is a business incorporated under the laws of Louisiana and licensed to do and doing business in Mississippi. TMM MS may be served through its registered agent Yaritza Garcia at 1835 Denny Avenue, Pascagoula, Mississippi, 39567.

## FACTS

### A. JAMES ZOLLLICOFFER

8. Defendant, TMM MS, a privately held corporation, supplies a variety of skilled craftsmen to support ongoing projects on the Mississippi Gulf Coast. In particular, TMM MS subcontracts with various shipyards and other marine and industrial companies to provide the services of structural welders, shipfitters, pipe welders, pipefitters, electricians, and outside machinists.

9. Plaintiff, James Zollicoffer, was employed as a welder for the Defendant TMM from April 2014 through approximately November 2014. He regularly worked overtime for the Defendant. TMM MS advertised and offered Plaintiff Zollicoffer hourly wages of $28.00 per hour; however, when Plaintiff received his paychecks, he was actually paid $8.00 an hour straight time and $12.00 an hour overtime, plus an hourly per diem of $20.00 per hour. The hourly per diem did not increase for hours worked in excess of 40 hours per week. His 'per diem' pay fluctuated with, and was based on, the number of hours worked, every week.

10. Based upon Defendant's uniform practice and pay system, the Plaintiff Zollicoffer worked hours in excess of forty (40) per week and was not paid overtime based upon one and one half times his regular rate of pay, which "regular rate" should have included all hourly "per diems."

11. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff Zollicoffer.

12. Plaintiff Zollicoffer has retained the law firm of LOCOCO & LOCOCO, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for their services.

## COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

13. Plaintiff hereby incorporates paragraphs 1 through 12 by reference.

14. At all relevant times, Plaintiff was a non-exempt employee as defined in the FLSA, 29 U.S.C. §§ 203(e), 207, 213, and was entitled to be paid time and one-half for all hours worked in excess of forty per week in accordance with the FLSA overtime provisions, 29 U.S.C. § 207.

15. At all relevant times, Defendant was an employer as defined in the FLSA, 29 U.S.C. §201(d).

16. At all material times herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA.

17. Defendant violated the FLSA by failing to pay overtime compensation at the appropriate rate to the Plaintiff. 29 U.S.C. § 207, 215(a)(2), 216(b).

18. The FLSA regulates, among other things, the payment of overtime compensation by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

19. Defendant was, and is, subject to the overtime pay requirements of the FLSA.

20. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to the Plaintiff. Accordingly, Plaintiff must be paid overtime pay in accordance with the FLSA; in particular, one and one-half times the regular rate for all hours worked in excess of forty during the workweek.

21. Defendant's failure to accurately pay overtime was, and is, willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not in violation of the FLSA. Overtime compensation has been intentionally, willfully, and unlawfully withheld by the Defendant, and Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

22. Defendant has failed to maintain accurate records of Plaintiff's work hours in accordance with the law.

23. To the extent accurate records of the Plaintiff's work hours exist, they are solely in the possession of the Defendant.

24. Plaintiff is entitled to reimbursement of his costs, reasonable attorneys' fees, and expenses incurred.

## JURY DEMAND

The Plaintiff, JAMES ZOLLICOFFER, is entitled to and does hereby demand a trial by jury.

**WHEREFORE PREMISE CONSIDERED,** Plaintiff JAMES ZOLLICOFFER, respectfully pray;

    a. That the Plaintiff be awarded damages in the amount of unpaid overtime compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

    b. That Plaintiff be awarded his reasonable attorneys' fees, including the costs and expenses of this action, 29 U.S.C. 216(b); and

    c. That the Plaintiff be awarded such other legal and equitable relief he may be entitled.

Respectfully submitted, this the 21st Day of August, 2015.

**PLAINTIFF, JAMES ZOLLICOFFER.**

*/s/ Virginia L. LoCoco*
VIRGINIA L. LoCOCO, MS Bar No. 8483
JOSEPH A. LOCOCO, MS Bar No. 9537
JACOB D. KING, MS Bar No. 104157
LoCoco and LoCoco, P.A.
10243 Central Avenue
P.O. Box 6014
D'Iberville, MS 39540
Telephone No. 228-392-3799
Facsimile No. 228-392-3890
jake.king@lococolaw.com
virginia.lococo@lococolaw.com
joseph.lococo@lococolaw.com